**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER IWANICKI,                  )
                                       )   Civil Action No. 2:12 - 192
        Plaintiff,                     )
                                       )   Magistrate Judge Cynthia Reed Eddy
        v.                             )
                                       )
PENNSYLVANIA BOARD OF                  )
PROBATION AND PAROLE; *ET Al.*,        )
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Christopher Iwanicki, a state prisoner currently incarcerated at the State Correctional Institution at Mercer, Pennsylvania, filed a complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 wherein he challenges decisions made by the Pennsylvania Board of Probation and Parole (the Board) in denying him release on parole.[2]  Plaintiff filed the underlying civil rights complaint in this Court on February 16, 2012.  On June 25, 2012, Defendants filed a Motion to Dismiss (ECF No. 31) along with a Brief in support thereof (ECF No. 32) claiming that the complaint should be dismissed against it for failure to state a claim upon which relief may be granted.  Plaintiff filed his Response on October 18, 2012 (ECF No. 47).

On January 17, 2013, I filed a Report and Recommendation (ECF No. 57) recommending that Defendants' Motion to Dismiss be granted and that the Complaint be dismissed with

---

[1]  The parties consented to jurisdiction by a United States Magistrate Judge.  *See* ECF Nos. 56 and 58.  *See also* 28 U.S.C. § 636(c)(1).

[2]  To the extent that Plaintiff is seeking a reconsideration of his 2010 parole denial, such claims are barred by the doctrine of collateral estoppel as that decision was adjudicated by this Court in Civil No. 10-1373 (August 31, 2011) and the subsequent parole decision dated October 11, 2011 renders any such claims moot.

prejudice against the remaining Doe Defendants under 28 U.S.C. § 1915A as it fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file another amended complaint in this matter. The next day, on January 18, 2013, the Court received Plaintiff's consent to have a United States Magistrate Judge conduct all proceedings in this case, including entry of a final judgment (ECF No 58). Defendants filed their consent on January 15, 2013 (ECF No. 56).[3]

On January 23, 2013, Plaintiff filed Objections to the Report and Recommendation (ECF No. 59) and a Motion to enter additional documents (ECF No. 60). On January 24, 2013, Plaintiff filed a Notice of Revocation of Signature (ECF No. 61) wherein he seeks to revoke his authorization to have funds removed from his account to pay for the filing fee in this action as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1).

Neither Plaintiff's Objections nor his additional submission to the Court undermines my opinion. Moreover, on March 29, 2012, this Court issued a three-page Order advising Plaintiff of the requirement to pay the filing fee and allowing him to withdraw his action at that time (ECF No. 10). Plaintiff may not now revoke his authorization after he learns that his claims have no merit. Accordingly, for the reasons set forth below, Defendants' Motion to Dismiss will be granted and the Complaint will be dismissed with prejudice against the remaining Doe Defendants under 28 U.S.C. § 1915A as it fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file another amended complaint in this matter.

---

3   Once a case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court and only "for good cause shown on its own motion, or under

## A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably

---

extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4).

authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## B. Relevant Facts of Record

Plaintiff is serving an aggregate term of six (6) years, eight (8) months to twenty-five (25) years incarceration. His minimum release date for this sentence was December 27, 2010 and his maximum date is April 27, 2029. Prior to the expiration of his minimum sentence, on August 31, 2010, Plaintiff was interviewed and evaluated for release on parole by the Pennsylvania Board of Probation and Parole. By Notice recorded on November 2, 2010, the Board denied his application as follows.

> AS RECORDED ON NOVEMBER 2, 2010, THE BOARD OF PROBATION
> AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

4

FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE DENIED PAROLE/REPAROLE. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:

YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.

YOUR PRIOR UNSATISFACTORY SUPERVISION HISTORY.

REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.

YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.

YOU ARE TO BE REVIEWED IN OR AFTER SEPTEMBER, 2011.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY PARTICIPATED IN/SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR SUBSTANCE ABUSE-THERAPEUTIC COMMUNITY (BASED ON OFFENSE HISTORY AND ADMITTED USE OF ALCOHOL).

WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD.

OFFENDER'S DETAILED WRITTEN VERSION OF OFFENSE TO BE AVAILABLE AT TIME OF REVIEW.

OFFENDER TO PROVIDE WRITTEN DETAIL RELAPSE PREVENTION PLAN.

YOU MAY FILE AN APPLICATION FOR PAROLE/REPAROLE NO SOONER THAN 1 YEAR AFTER THE DATE THE LAST DECISION DENYING PAROLE/REPAROLE WAS RECORDED.

ECF No. 13-1, pp. 1-2.

Plaintiff re-applied in September of 2011, and his application was denied as follows.

AS RECORDED ON OCTOBER 14, 2011, THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE DENIED PAROLE/REPAROLE.   THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:

YOUR   UNACCEPTABLE   COMPLAINCE   WITH   PRESCRIBED INTITUITONAL PROGRAMS.

YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.

THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.

YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.

YOU ARE TO BE REVIEWED IN OR AFTER SEPTEMBER, 2012.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER   YOU   HAVE   SUCCESSFULLY   PARTICIPATED   IN/ SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR SUBSTANCE ABUSE-THERAPEUTIC COMMUNITY.

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD.

YOU MAY FILE AN APPLICATION FOR PAROLE/REPAROLE NO SOONER THAN 1 YEAR AFTER THE DATE THE LAST DECISION DENYING PAROLE/REPAROLE WAS RECORDED.

ECF No. 13-8, pp. 1-2.

C. Liability under 42 U.S.C. § 1983

6

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

As an initial matter, it is extremely unclear exactly what grounds Plaintiff is raising in regards to his parole denial. Because Plaintiff repeatedly references the Fourteenth Amendment, the Court will assume he is attempting to assert that the Board's actions violated his due process rights. Due process is guaranteed through the Fourteenth Amendment of the United States Constitution. The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; the substantive aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986). (citations omitted.)

To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause. A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a

statute, rule, or regulation. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983). A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 781 (1973). Liberty interests that fall within this category include the revocation of parole, <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), and the revocation of probation, <u>Gagnon</u>, 411 U.S. at 778. However, the granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally-protected liberty interest that is inherent in the Due Process Clause. <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979). Thus, Plaintiff must show that he has a liberty interest in parole that arises under state law.

The existence of a state parole system alone does not create a constitutionally-protected interest. <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987). Instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor. *Cf.* <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995). In this regard, the Pennsylvania Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest arising under state law in being released on parole prior to the expiration of their maximum terms.[4] Pennsylvania law <u>unambiguously</u> provides that a prisoner is <u>not entitled</u> to release from prison until the expiration of his maximum

---

4. *See, e.g.*, <u>McFadden v. Lehman</u>, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); <u>Rodgers v. Parole Agent SCI-Frackville, Wech</u>, 916 F. Supp. 474, 476 (E.D. Pa. 1996); <u>McCrery v. Mark</u>, 823 F. Supp. 288 (E.D. Pa. 1993); <u>Mickens-Thomas v. Commonwealth, Bd.. of Probation and Parole</u>, 699 A.2d 792 (Pa. Commw. Ct. 1997) (parole is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); <u>Tubbs v. Pennsylvania Bd.. of Probation and Parole</u>, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), *appeal denied*, 637 A.2d 295 (Pa. 1993).

8

sentence.[5] Nothing in the Pennsylvania Parole Act (or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time. *Accord* Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, Plaintiff has failed to show a violation of his procedural due process rights with respect to the Board's actions in denying him release on parole.

Notwithstanding, several courts, including the Court of Appeals for the Third Circuit, recognize that, even though an inmate has no protectable liberty interest in parole that implicates procedural due process, his substantive due process rights may be violated if parole is denied by arbitrary government action.[6] In this regard, the constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.[7] Some courts have determined that decisions to grant or deny parole may violate a prisoner's right to substantive due process if such decisions are based on arbitrary and capricious factors. The Supreme Court has declined to set forth a precise rule that defines the scope of impermissible "arbitrary" conduct for purposes of applying the

---

5. A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. *Id.*

6. *See, e.g.,* Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991); Newell v. Brown, 981 F.2d 880, 886 (6th Cir. 1992), *cert. denied,* 510 U.S. 842 (1993); Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980); Carter v. Kane, 938 F. Supp. 282 (E.D. Pa. 1996).

7. *See also* Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

substantive component of the Due Process Clause. Nonetheless, the Court has clarified that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

Applying this standard, the United States Court of Appeals for the Third Circuit rejected substantive due process challenges to state parole board decisions in Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001), and Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). In Coady, the prisoner insisted that the decision of the Pennsylvania Board of Probation and Parole violated substantive due process because the board used constitutionally impermissible criteria to deny parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information. The Third Circuit rejected Coady's claims on the grounds that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

In Hunterson v. DiSabato, the Third Circuit reversed an order granting the writ to a New Jersey inmate who claimed that a parole board decision imposing a five-year future eligibility term was arbitrary, capricious, and an unreasonable abuse of discretion. As the Third Circuit explained:

> this type of constitutional challenge to a state [parole] proceeding is not easily mounted. We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision .... The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F.3d at 246-47 (citations and internal quotation marks omitted).

10

Case 2:12-cv-00192-CRE  Document 62  Filed 01/25/13  Page 11 of 16

In the case at bar, the Board's specified reasons for denying Plaintiff's parole application are, on the face of them, in accordance with its statutory directives. In granting parole, the Board is required to consider the nature and character of the offense committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and of each warden or superintendent who has had control over the applicant. 61 Pa. Cons. Stat. § 6135. Moreover, the Board is prohibited from granting parole unless the Commonwealth will not be injured thereby. *See* 61 Pa. Cons. Stat. § 6137(a).[8]

In reviewing the Board's exercise of discretion in denying an application for parole, this Court's only role "is to insure that the Board followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious nor based on impermissible considerations." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).[9] The Board identified legitimate reasons for exercising its discretion in denying Plaintiff's applications for early release from prison. The Board's reasons for denying Plaintiff's application for parole are in accordance with its statutory mandate. Without a doubt, the safety of the public and the interests of the Commonwealth are injured by releasing prisoners who have not complied with prescribed institutional programs, who require additional treatment programs or other types of counseling, and who have not received a favorable recommendation by DOC. As such, Plaintiff has failed to

---

8. The Parole Act was repealed by 2009 Pa. Laws 33 and the statutes currently are codified at 61 Pa. Cons. Stat. §§ 6132 and 6135 (2010).

9. Great respect and deference is due the interpretation given a statute by the officers or agency charged with its administration. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984). This deference is particularly important where an agency is charged with implementing a comprehensive and complex administrative program. Richardson v. Wright, 405 U.S. 208, 209 (1972). Where an administrating agency has interpreted the statute, a reviewing court is bound by the Chevron "rule of deference." *Id.* A court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Chevron, 467 U.S. at 844. Agency interpretation is reasonable and controlling unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* Thus, this court must defer to the Board's reasonable interpretation of the mandates of the Parole Act, which it is charged with

demonstrate that he is entitled to relief under the substantive prong of the Due Process Clause. *Accord* Perry v. Pennsylvania Dept. of Corrections, 441 Fed. App'x 833, 837 (3d Cir. 2011) ("Neither an inability to articulate exact counseling requirements for a parole recommendation nor the alleged contravention of DOC procedures . . . serves to shock the conscience."); Prevet v. Barone, 428 F. App'x 218, 220 (3d Cir. 2011) (DOC's negative recommendation is a legitimate penological concern); Newman v. Beard, 617 F.3d 775 (3d Cir. 2010); Banks v. Pennsylvania Bd. of Probation and Parole, Civil No. 03-6676, 2004 WL 906296, at *4 (E. D. Pa. April 28, 2004) ("[T]he Board's decision that Plaintiff may require continued participation in a prescriptive program does not constitute an arbitrary or capricious decision."); Schmale v. Brooks, Civil No. 06-16, 2007 WL 1449805 (W.D. Pa. May 16, 2007) (consideration of inmate's lack of progress in the sex offender treatment program did not violate his right to substantive due process); Shaffer v. Meyers, 338 F.Supp.2d 562, 566 (M.D. Pa. 2004) ("On the basis of the record before the court, and the stated reasons for the Parole Board's denial of parole, the court concludes that there was a rational basis for the denial of parole.").

Plaintiff further seems to take specific issue with the fact that the Board considered the nature of his offense in denying him parole. However, even the singular consideration of the nature of the inmate's underlying conviction offense does not violate due process.

> There is no question that the nature of the offense is a factor that the Parole Board may take into account when reviewing a parole request. Section 19 of the Parole Act, 61 P.S. § 331.19, requires the Board in granting paroles to consider, *inter alia*, "the nature and character of the offense committed." The precise question is whether that factor alone can be used to deny parole as a matter of general policy despite other factors that the Parole Board is directed to take into account including, *inter alia*, a parole applicant's conduct while in prison. In order to consider this argument, we must go behind the reasons stated for the parole refusal.   .   .   .. In essence, the Parole Board has chosen to give great weight to one statutorily enumerated factor, and we believe that it has the

administering. *See* Reno v. Koray, 515 U.S. 50, 61 (1995); Chevron, 467 U.S. at 842; Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313 (3d Cir. 1995).

discretion to give one factor great weight or even the entire weight. Moreover, parole reviews continue to be conducted and clearly the Parole Board retains the discretion to vary from the policy. Thus, we do not believe that the policy impermissibly acts to extend minimum sentences.

Stewart v. Pennsylvania Board of Probation and Parole, 714 A.2d 502, 507 (Pa. Commw. 1998). *See also* Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904, 914 (Pa. Commw. 2003) ("it is prudent for the Board to consider the nature of the offense and other information used by the trial court" in order to "carry out its statutory duties to protect the public and ensure that an individual is sufficiently rehabilitated before he reenters society").[10]

Moreover, even if an inmate successfully completes a treatment program, Pennsylvania's parole scheme does not create a predictable expectation of parole upon completion of a rehabilitation program. The Board is the sole determiner as to whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. Myers v. Ridge, 712 A.2d 791, 794 (Pa. Commw. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison."); Carter v. Muller, 45 F.Supp.2d 453, 457 (E.D. Pa. 1999) (quoting 61 P.S. § 331.19 ("considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee.")); *see also* Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 775 (Pa. Commw. Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole ... is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole").

---

10. The re-codified Parole Act continues to permit the Board to consider the nature and circumstances of the offense committed when making parole decisions. *See* 61 Pa. Cons. Stat. § 6135.

Here, Plaintiff has failed to make any allegations that demonstrate that the Board acted in an arbitrary fashion. As such, he is not entitled to relief as to this claim.

Plaintiff further claims that the definition of "crime of violence" was improperly applied to him when he was considered for parole. In this regard, it appears that Plaintiff is complaining that the Board improperly applied 61 Pa. Cons. Stat. 6137(f) in his case, which provides as follows. "Crimes of violence.--The board may not release on parole a person who is sentenced after February 19, 1999, and is serving a sentence for a crime of violence unless the person has received instruction from the Department of Corrections on the impact of crime on victims and the community." Under this statute, a "crime of violence" is defined in 42 Pa. Cons. Stat. § 9714(g) (relating to sentences for second and subsequent offenses), as follows.

(g) Definition.--As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnaping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

The definition of "crime of violence" contained in 42 Pa. Cons. Stat. § 9714(g) was not applied to Plaintiff's case when he was denied parole. The Board does not claim, and has never claimed, that Plaintiff was convicted of a "crime of violence" or that any of the relevant provisions in the Prisons and Parole Code were applied to him. Thus, he is not entitled to relief as to this claim.

Finally, Plaintiff asserts that the DOC defendants retaliated against him by refusing to provide a positive parole recommendation and that the Board Defendants retaliated against him

14

by denying parole. Plaintiff is not entitled to relief as to this claim as the record shows that the parole denial was reasonably related to legitimate governmental interests and that the Board would have rendered the same decision notwithstanding any motivation to retaliate. *Accord* Prevet v. Barone, 428 Fed. App'x 218, 220 (3d Cir. 2011).[11]

**AND NOW**, this 25th day of January, 2013;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint be dismissed with prejudice against the remaining Defendants under 28 U.S.C. § 1915A and it would be futile to allow Plaintiff the opportunity to file another amended complaint in this matter.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 57) dated January 17, 2013, is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

---

[11] Plaintiff makes a brief reference to Equal Protection seemingly implying that the Board's action in denying him parole violated his Equal Protection rights. Given his lack of specificity in asserting this point, it suffices as an answer to simply quote from the United States Supreme Court that state action involving "discretionary decision-making based on a vast array of subjective, individualized assessments" such as is the case with parole decisions, does not violate Equal Protection "when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 603 (2008). More to the point though, in making its individualized determinations concerning the many convicts who come before the Board, it is difficult to imagine that as to the many unique individual characteristics of each candidate for parole, any one candidate is truly "similarly situated" to any other candidate such that treating one differently results in treating "similarly situated" individuals differently because they are, in fact, not "similarly situated." Rowe v. Cuyler, 534 F. Supp. 297, 301 (E.D. Pa. 1982) (it is difficult to believe that any two prisoners could be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly based discretionary decisions [such as parole determinations]"), *aff'd*, 696 F.2d 985 (3d Cir.1982) (Table).

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules

of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by

Rule 3 of the Federal Rules of Appellate Procedure.


Cynthia Reed Eddy
United States Magistrate Judge

Christopher Iwanicki
FW 2272
801 Butler Pike
Mercer, PA 16137

16